UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA MCCORMICK, on behalf of plaintiff and the classes defined herein,<br><br>        Plaintiff,<br><br>v.<br><br>FIRST NATIONAL COLLECTION BUREAU, INC., LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP, AND ALEGIS GROUP, LLC,<br><br>        Defendants. | CASE NO. No. 1:16-cv-02849<br><br>Judge: Hon. John Z. Lee |

## DEFENDANTS' JOINT ANSWER TO PLAINTIFF'S COMPLAINT

Defendants First National Collection Bureau, Inc. ("FNCB"), LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, LP ("Resurgent") and Alegis Group, LLC ("Alegis") (collectively "Defendants") as and for their Joint Answer to the Complaint ("Complaint") of Plaintiff Pamela McCormick ("Plaintiff"), in the above-entitled matter, state and allege as follows:

## INTRODUCTION

1.      Plaintiff Pamela McCormick brings this action to secure redress from unlawful credit and collection practices engaged in by defendants First National Collection Bureau, Inc., LVNV Funding, LLC, Resurgent Capital Services, L.P., and Alegis Group, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

Answer:  Defendants admit that Plaintiff brings this matter seeking redress as alleged, but deny that any of them violated any law or otherwise conducted any improper collection activities.

1

## VENUE AND JURISDICTION

2.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

Answer:  Defendants admit that the referenced statutes provide for jurisdiction, but deny that any of them violated any law that would subject them to such jurisdiction.

3.     Venue and personal jurisdiction in this District are proper because:

(1)     Defendants' collection communications were received by plaintiff within this District;

(2)     Defendants do or transact business within this District.

Answer:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

## PARTIES

4.     Plaintiff Pamela McCormick is an individual who resides in Waukegan, Illinois.

Answer:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

5.     Defendant First National Collection Bureau, Inc. is a Nevada corporation. Its principal office is at 230 South Rock Boulevard, Suite 23, Reno, Nevada 89502. It does business in Illinois. Its registered agent and office are Lexis Document Services, Inc., 801 Adlai Stevenson Drive, Springfield, IL 62703.

Answer:  Defendant FNCB admits that it is a Nevada corporation and has a registered agent as alleged, but denies the remaining allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

2

6.      Defendant First National Collection Bureau, Inc. operates a collection agency and uses the mails and telephone in conducting business.

Answer:  FNCB admits the allegations.  The remaining defendants admit the allegations upon information and belief.

7.      First National Collection Bureau, Inc. is a debt collector as defined in the FDCPA.

Answer:  FNCB admits that at times, it may be deemed a "debt collector" under the FDCPA but states that it lacks knowledge or information sufficient to form a belief about the truth of whether it was a "debt collector" with regard to Plaintiff or any putative class member. As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

8.      Defendant LVNV Funding, LLC is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401 and 625 Pilot Rd., Suite 3, Las Vegas, NV 89119.

Answer:  LVNV admits that it is a limited liability company with a registered address located in Las Vegas as alleged, while denying all remaining allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

9.      Defendant LVNV Funding, LLC is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

Answer:  LVNV admits that it purchases debts originally owed to others, some of which may have been incurred for personal, family or household purposes.  The remaining defendants

also admit, upon information and belief, that LVNV purchases debts originally owed to others, some of which may have been incurred for personal, family or household purposes.

10.     Defendant LVNV Funding, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

Answer:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

11.     Defendant LVNV Funding, LLC then attempts to collect the purchased debts by filing suits on them.

Answer:  LVNV admits that at times, lawsuits are filed on acquired debts, while denying any other inference.  The remaining defendants also admit, upon information and belief, that at times, lawsuits are filed on LVNV acquired debts, while denying any other inference.

12.     Defendant LVNV Funding, LLC has been the plaintiff in more than 500 collection lawsuits that have been pending in Illinois during the year prior to the filing of this action.

Answer:  LVNV and Resurgent admit the allegations upon information and belief.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

13.     Defendant LVNV Funding, LLC regularly uses the mails and telephones in the process of collecting the debts it purchases.

Answer:  LVNV and Resurgent deny the allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

14.     Defendant LVNV Funding, LLC is a "debt collector" as defined in the FDCPA.

<u>Answer</u>:  LVNV and Resurgent deny the allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

15.  Defendant Resurgent Capital Services, L.P. is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.

<u>Answer</u>:  Resurgent admits the allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

16.  Defendant Resurgent Capital Services, L.P. operates a collection agency.

<u>Answer</u>:  Defendants admit the allegations.

17.  Defendant Resurgent Capital Services, L.P. holds one or more collection agency licenses.

<u>Answer</u>:  Resurgent admits the allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

18.  Defendant Resurgent Capital Services, L.P. uses the mails and telephones to collect debts originally owed to other entities.

<u>Answer</u>:  Resurgent admits the allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

19.  Defendant Resurgent Capital Services, L.P. is a debt collector as defined in the FDCPA.

<u>Answer</u>:  Resurgent admits that at times, it may be deemed a "debt collector" under the FDCPA but states that it lacks knowledge or information sufficient to form a belief about the truth of whether it was a "debt collector" with regard to Plaintiff or any putative class member. As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

20.     Defendant Alegis Group, LLC is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401. It is the sole general partner of Resurgent. As such, the acts of Resurgent are attributed to it.

Answer:  Alegis admits that it is a limited liability company with a registered office as alleged.  Alegis and Resurgent admit that Alegis is the general partner of Resurgent.  To all other extents, Alegis and Resurgent lack knowledge or information sufficient to form a belief about the truth of the allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

<u>**RELATIONSHIP BETWEEN LVNV AND RESURGENT**</u>

21.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees. (Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard,</u> 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

Answer:  LVNV admits the allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

22.     All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard,</u> 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

Answer:  LVNV and Resurgent deny the allegations as they misstate the referenced document.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

23.     Defendant LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from

credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau file, or in a letter from a collection agency if the account is delinquent."

Answer: LVNV denies that Plaintiff quotes the current content of LVNV's website, but admits that Plaintiff paraphrases the same. As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

24. Defendant LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

Answer: LVNV denies that Plaintiff quotes the current content of LVNV's website, but admits that Plaintiff paraphrases the same. As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

25. The above statements continue to describe the relationship between LVNV and Resurgent.

Answer: LVNV and Resurgent admit the allegations. As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

26.     Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

Answer:   Resurgent and LVNV admit that they are related entities, but state that "Sherman Financial Group" is not defined.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

27.     On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard,</u> 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

Answer:   Resurgent denies the allegations.  As to the remaining defendants, they lack knowledge or information sufficient to form a belief about the truth of the allegations.

<u>**FACTS RELATING TO THE PLAINTIFF**</u>

28.     Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes and not for business purposes.

Answer:   FNCB admits that it attempted to collect a debt from Plaintiff, but lacks knowledge or information sufficient to form a belief about the truth of the allegation that it was incurred for personal, family or household purposes.  The remaining defendants deny that they have participated in any of the collection activity alleged.

29.     On or about April 24, 2015, defendant First National Collection Bureau, Inc.; acting on behalf of defendant LVNV Funding, LLC, and at the direction of defendant Resurgent Capital Services LP sent plaintiff the letter attached as <u>Exhibit A.</u>

Answer:   FNCB admits that it sent a letter to Plaintiff as alleged on behalf of LVNV, which was the current creditor on the account.  Defendants deny all remaining allegations.

30.     Exhibit A is the first letter plaintiff received from defendants regarding the debt described therein.

Answer:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

31.     On information and belief, based on its contents, Exhibit A was the first letter defendants sent to plaintiff regarding the debt described therein.

Answer:  FNCB admits that Exhibit A was the first letter it sent to Plaintiff regarding the account identified therein.  The remaining defendants deny that any of them sent any letter to Plaintiff.

32.     On April 24, 2015, more than ten years had elapsed since the last payment or activity on the account. (Exhibit B)

Answer:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

33.     The five year statute of limitations had elapsed since the last payment or activity on the account when LVNV bought the debt (Exhibit B). LVNV and Resurgent knowingly acquired a time-barred debt and placed it with FNCB for collection, authorizing a settlement offer to be made by FNCB.

Answer:  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

**FACTS - GENERAL**

34.     Defendants regularly seek to collect credit card bills.

Answer:  FNCB and Resurgent admit the allegations as they pertain to those two entities. The remaining defendants deny the allegations.

9

35.     The statute of limitations on a credit card debt in Illinois is five years.

Answer:  Defendants deny the allegations.

36.     Defendants regularly attempt to collect debts on which the statute of limitations has expired.

Answer:  Defendants deny the allegations.

37.     First National Collection Bureau, Inc. regularly sends letters in the form of Exhibit A on debts on which the statute of limitations has expired.

Answer:  FNCB denies the allegations.  The remaining defendants deny that they have participated in any of the collection activity alleged.

38.     Exhibit A offers to settle the debt.

Answer:  Defendants admit the allegations.

## COUNT I – FDCPA

39.     Plaintiff incorporates paragraphs 1-38.

Answer:  Defendants adopt by reference paragraphs 1-38 of this Answer as though fully set forth herein.

40.     Exhibit A implies that the alleged debt is legally enforceable by offering a settlement.

Answer:  Defendants deny the allegations.

41.     Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations or not legally enforceable.

Answer:  Defendants admit the allegations.

42.     It is the policy and practice of First National Collection Bureau, Inc. and LVNV Funding, LLC to send and cause the sending of letters seeking to collect time-barred debts that do not disclose that the debt is time-barred.

<u>Answer</u>:  Defendants deny the allegations.

43.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

<u>Answer</u>:  Defendants admit that Plaintiff purports to quote an opinion of the Federal Trade Commission ("FTC").

44.     In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

<u>Answer</u>:  Defendants admit the allegations, upon information and belief.

45.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that

"the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations…" (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

Answer: Defendants admit that Plaintiff refers to various orders issued by the CFPB, but state that the referenced agreements do not pertain to, reference or bind any of the parties to this litigation.

46.     The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement…" (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

Answer: Defendants admit that Plaintiff again refers to three orders issued by the CFPB, but lack knowledge or information sufficient to form a belief about the truth of what "they recognize."

47.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

Answer: Defendants admit that Plaintiff refers to a report issued by the FTC.

48.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

Answer:  Defendants admit that the referenced report cites to the referenced study, but deny that said report "establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer."

49.     Courts have also held that the offer of a settlement on a time-barred debt is misleading. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Rawson v. Source Receivables Management, LLC*, No. 11 cv 0897, slip op. at 10, (N.D. Ill., Jan. 6, 2016) (Bucklo, J.) (slip op).

Answer:  Defendants admit that plaintiff purports to paraphrase the holdings of the referenced cases, but Defendants deny that Plaintiff has accurately stated the holdings from the stated cases.

50.     Defendants engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending or causing the sending of consumers letters , such as Exhibit A, offering to settle time-barred debts without disclosure of that fact.

Answer:  Defendants deny the allegations.

51.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**

13

> **(2)**    **The false representation of--**
>
> > **(A)**    **the character, amount, or legal status of any debt; . . .**
>
> **(5)**    **The threat to take any action that cannot legally be taken or that is not intended to be taken…**
>
> **(10)**    **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer….**

<u>Answer</u>:  Defendants admit that Plaintiff has cited and purportedly quoted the referenced FDCPA section.

52.    Section 1692f provides:

> **§ 1692f.**                **Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…**

<u>Answer</u>:  Defendants admit that Plaintiff has cited and purportedly quoted the referenced FDCPA section.

## <u>CLASS ALLEGATIONS</u>

53.    Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

<u>Answer</u>:   Defendants admit that Plaintiff purports to bring this case on behalf of two putative classes, but deny that any class exists.

54.    Class A consists of (a) all individuals with Illinois addresses (b) to whom First National Collection Bureau, Inc. (c) sent a letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than five years prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

Answer: Defendants admit that Plaintiff purports to bring this case on behalf of two putative classes, but deny that any class exists.

55. Class B consists of (a) all individuals with Illinois addresses (b) to whom a letter was sent on behalf of LVNV Funding, LLC, (c) offering a settlement of a time-barred debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than five years prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

Answer: Defendants admit that Plaintiff purports to bring this case on behalf of two putative classes, but deny that any class exists.

56. On information and belief, each class is so numerous that joinder of all members is not practicable.

Answer: Defendants deny the allegations.

57. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether a letter offering a settlement violates the FDCPA when sent to collect a time-barred debt.

Answer: Defendants deny the allegations.

58. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

Answer: Defendants deny the allegations.

59. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

Answer: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

60.     A class action is superior for the fair and efficient adjudication of this matter, in that:

(1)     Individual actions are not economically feasible;

(2)     Members of the class are likely to be unaware of their rights;

(3)     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

Answer: Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § *1692 et seq*., was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Specifically, it is FNCB's procedure to advise consumers if a debt is time-barred.

### THIRD DEFENSE

Plaintiff's claim, or that of any putative class member, is likely to be governed by a binding arbitration/class waiver provision. Discovery continues with regard to this issue.

### FOURTH DEFENSE

Written credit card agreements are governed by a 10 year statute of limitations.

**WHEREFORE,** Defendants pray for an order and judgment of this Court in their favor against Plaintiff as follows:

1.      Dismissing all causes of action against Defendants with prejudice and on the merits;

2.      Awarding Defendants such other and further relief as the Court deems just and equitable.

Dated:  April 25, 2016                              Respectfully Submitted,

                                                    /s/Stacie E. Barhorst
                                                    One of the attorneys for Defendants

Michael S. Poncin
MOSS & BARNETT, PA
150 South Fifth Street
Suite 1200
Minneapolis, MN  55402

Stacie E. Barhorst, Esq.
KAPLAN  PAPADAKIS & GOURNIS, P.C.
180 N. LaSalle Street
Suite 2108
Chicago, IL  60601


## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies this document was filed electronically this 25th day of April 2016.  Notice of this filing will be sent to counsel of record at the email addresses registered by them with the Court by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Cassandra P. Miller, Esq. - cmiller@edcombs.com
Cathleen M. Combs, Esq. - ccombs@edcombs.com
James O. Latturner, Esq. - jlatturner@edcombs.com
Daniel A. Edelman, Esq. - courtecl@edcombs.com

                              s/ Stacie E. Barhorst